**UNITED STATES of America,**

v.

**Kyle Elliott PEED, Appellant.**

**No. 02–1623.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 11, 2003.

Decided March 26, 2003.

Before SLOVITER, NYGAARD, and ALARCON,* Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

On June 12, 2000, Appellant Kyle Peed pleaded guilty to one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, as part of a written plea agreement with the government. In exchange for his plea and cooperation, the government agreed to move for a down-

ward departure under § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e). Before sentencing, the government filed a motion for a downward departure based on the plea agreement and Peed filed two motions for downward departure. Peed's first motion was based on his assertion that the career offender status over-represented his criminal history. His second motion requested departure based on his post-offense rehabilitation. At the sentencing hearing, the District Court granted a downward departure for the government's motion based on cooperation and Peed's motion based on over-representation, but addressed and implicitly denied Peed's motion for departure based on his post-offense rehabilitation. The District Court sentenced Peed to a term of imprisonment of 110 months, ten years supervised release, and a $100 special assessment. Because the District Court acknowledged its legal authority to depart but chose not to, we will dismiss this appeal for lack of jurisdiction.

On appeal, Peed raises one issue, which we take verbatim from his brief: "Whether the District Court erred in failing to directly rule on Appellant's request for a departure for post incident rehabilitation." Appellant's Br. at 2. While we generally review issues concerning departures from the Sentencing Guidelines for an abuse of discretion, "[w]e lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." *United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir.1996) (citing *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir.1989)).

---

* Honorable Arthur L. Alarcon, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

With respect to the motion for downward departure based on post-incident rehabilitation, the District Court stated that:

> These guideline, post arrest, presentence rehabilitation, maybe. I really have difficulty with that one. I know that—I mean, assessing it, I know you have—he's entitled to consideration. *I know that I have the power under the law to grant consideration.* I know that I have the power under the law to grant consideration for that. It is so difficult to evaluate. I mean, who wouldn't behave waiting—knowing he has an appointment to see a Judge.

App. A27 (emphasis added).

Thus, the District Court clearly acknowledged its legal authority to depart prior to denying to grant the relief requested in the motion. Peed argues that the District Court never explained why he denied the motion, but we have held that a District Court is not required to explain its reasons for denying a motion for downward departure. *See U.S. v. Georgiadis,* 933 F.2d 1219, 1223 (3d Cir.1991) ("[W]e conclude that the Sentencing Reform Act does not require a district court to state that it has considered, and refused to make a discretionary downward departure.").

Because it is clear from the record that the District Court considered all evidence advanced by Peed in support of his motion for downward departure and acted well within its discretion in denying the relief sought, the District Court's decision is not reviewable by this Court. The instant appeal is therefore dismissed for lack of appellate jurisdiction.